# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENT BROWN,<br><br>            Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>            Respondent. | 1:09-CV-00239 AWI JMD HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

Clement Brown (hereinafter "Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## **PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a 1985 conviction for first degree murder. The trial court sentenced Petitioner to a term of twenty-six years to life in prison. Petitioner is not challenging his conviction in this instant action; rather, Petitioner challenges the decision by the California Board of Parole Hearings (the "Board"), whom he appeared before on January 24, 2008, to deny him parole. Petitioner contends that the Board violated his constitutional rights when they denied him parole.

On May 30, 2008, Petitioner filed a petition for writ of habeas corpus with the Orange County Superior Court challenging the Board's denial of parole. (*See* Resp't Answer Ex. A.[1]) The Superior Court issued a reasoned opinion denying the petition on June 27, 2008. (*See* Resp't Ex. B.)

---

[1] While Respondent refers to numerically labeled exhibits in Respondent's Answer, Respondent actually labeled the exhibits alphabetically; the Court refers to the exhibits as they are labeled.

Petitioner also filed petitions for writ of habeas corpus with the California Court of Appeal and the California Supreme Court. (Resp't Answer Exs. C, E.) On September 17, 2008, the California Court of Appeal summarily denied the habeas petition. (*See* Resp't Ex. D.) The California Supreme Court issued a summary denial on November 12, 2008.[2] (*See* Resp't Ex. F.)

On February 6, 2009, Petitioner filed the instant federal petition for writ of habeas corpus.[3]

Respondent filed a response to the petition on June 22, 2009 and Petitioner filed a traverse on July 27, 2009.

## FACTUAL BACKGROUND[4]

The Orange County Superior Court recited the facts of the commitment offense, stating:

> During the early evening hours of February 6, 1985, petitioner agreed to participate in his girlfriend's plan to burglarize an apartment and rob its occupants of cocaine. Petitioner armed himself with a sawed off shot gun and recruited his brother in law for this caper. The three assailants gained entry into the apartment and proceeded to take money from the occupants at gunpoint. A fight ensued after one of the apartment's occupants grabbed petitioner's shot gun. During the ensuing scuffle, petitioner and the victim fought over possession of a butcher's knife found in the kitchen. Petitioner gained control of the knife and fatally stabbed the victim twice in the chest and once in the head. The point of the knife broke off in the victim's skull. Another occupant in the apartment sustained a severe cut to his arm. All three assailants fled in petitioner's vehicle taking with them about $700 and some cocaine. During their escape, the assailants stopped to buy beer at a convenience store.

(Answer Ex. B, Op. Super. Ct. Orange County, at 2-3.)

The Superior Court's summary of the offense is supported by the record of the parole hearing. (Tr. Parole Hearing at 12-13.)

## DISCUSSION

**I.     Jurisdiction**

A person in custody pursuant to the judgment of a State court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or

---

[2] Respondent admits that Petitioner has exhausted his state court remedies. (Resp't Answer at 3.)

[3] Respondent admits that the petition was timely filed. (Resp't Answer at 4.)

[4] These facts are derived from the Orange County Superior Court's opinion issued on June 27, 2008. (Answer Ex. B.) Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th Cir. 2009).

treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution and Petitioner is currently incarcerated at Corcoran Substance Abuse Treatment Facility, which is located in Kings County. As Kings County falls within this judicial district, 28 U.S.C. § 84(b), the Court has jurisdiction over Petitioner's application for writ of habeas corpus. *See* 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction over application for writ of habeas corpus to the district court where the petitioner is currently in custody or the district court in which a State court convicted and sentenced Petitioner if the State "contains two or more Federal judicial districts").

## II.     AEDPA Standard of Review

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA and is consequently governed by its provisions. *See Lockyer v. Andrade*, 538 U.S. 63, 70 (2003). Thus, the instant petition "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1))*, overruled in part on other grounds*, *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc); *see Lockyer*, 538 U.S. at 70-71.

Title 28 of the United States Code, section 2254 remains the exclusive vehicle for Petitioner's habeas petition as Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment. *See Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) *overruled in part on other grounds*, *Hayward*, 603 F.3d at 555. As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the

Supreme Court's] decisions as of the time of the relevant state-court decision." *Id*. (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*. Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *Clark v. Murphy*, 331 F.3d 1062, 1072 (9th Cir. 2003) ("While *only* the Supreme Court's precedents are binding on the Arizona court, and only those precedents need be reasonably applied, we may look for guidance to circuit precedents"); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999) ("because of the 1996 AEDPA amendments, it can no longer reverse a state court decision merely because that decision conflicts with Ninth Circuit precedent on a federal Constitutional issue....This does not mean that Ninth Circuit caselaw is never relevant to a habeas case after AEDPA. Our cases may be persuasive authority for purposes of determining

whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established'"). Furthermore, the AEDPA requires that the Court give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). A federal habeas court is bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. *Id.* (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. *Bailey v. Rae*, 339 F.3d 1107, 1112-1113 (9th Cir. 2003). Here, the Orange County Superior Court, the California Court of Appeal, and the California Supreme Court reached the merits of Petitioner's claims. As both the California Court of Appeal and the California Supreme Court summarily denied Petitioner's claims, the Court looks through those decisions to the last reasoned decision; namely, that of the Orange County Superior Court. *See Nunnemaker*, 501 U.S. at 804.

### III.   Review of Petitioner's Claims

The petition for writ of habeas corpus contains two grounds for relief, both implicating Petitioner's right to due process of the law. First, Petitioner contends that the Board's denial of parole was not support by any evidence. Secondly, Petitioner argues that the Board's reliance on his commitment offense was erroneous.

The Court analyzes Petitioner's due process claims in two steps: "the first asks whether there exist a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Sass*, 461 F.3d at 1127. The United States Constitution does not, by itself, create a protected liberty interest in a parole date. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981). Respondent argues that Petitioner does

not have a federally protected liberty interest in parole. (Resp't Answer at 4.) The Ninth Circuit Court of Appeals has recognized that "[i]f there is any right to be release on parole, or to release in the absence of some evidence of future dangerousness, it has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The Ninth Circuit further recognized that "[t]here is no general federal constitutional 'some evidence' requirement for denial of parole, in the absence of state law creating an enforceable right to parole." *Id*. at 559. The *Hayward* court's finding, that there exists no free standing federal due process right to parole or the federal right to some evidence of current dangerousness, contained the consistent and continual caveat that state law may in fact give rise to federal protection for those rights. As the Ninth Circuit later reiterated, "state created rights may give rise to liberty interests that may be enforced as a matter of federal law." *Pearson v. Muntz*, 606 F.3d 606, 609 (9th Cir. 2010) (per curiam) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). The *Pearson* court found that, "*Hayward* necessarily held that compliance with state requirement is mandated by federal law, specifically the Due Process Clause" as "[t]he principle that state law gives rise to liberty interests that may be enforced as a matter of federal law is long-established." *Id.*

The next question is whether California's parole scheme gives rise to a liberty interest enforced as a matter of federal law. The Ninth Circuit has definitively concluded that "California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness." *Id*. at 611 (citing *Hayward*, 603 F.3d at 562); *see also Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010) (noting that "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state"). Consequently, the inquiry that a federal habeas court must undertake in determining whether the denial of parole comports with the requirement of federal due process is "whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 563 (quoting 28 U.S.C. § 2254(d)(1)-(2)) (footnotes omitted).

\\\

### A.     State Court Decision

Thus, the Court now examines whether the Orange County Superior Court's decision was an unreasonable application of the California some evidence standard. The Orange County Superior Court upheld the Board's denial, finding that there was some evidence to support the Board's findings regarding the commitment offense, Petitioner's recent institutional misconduct, and Petitioner's lack of fully developed parole plans. (Resp't Answer Ex. B at 2-4.)

The Court finds the analysis undertaken by the Orange County Superior Court to be an unreasonable application of the California some evidence standard as articulated by the California Supreme Court and the Ninth Circuit Court of Appeals. As the Ninth Circuit recently observed in *Cooke*:

> Under California law, "the paramount consideration for both the Board and the Governor" must be "whether the inmate currently poses a threat to public safety and thus may not be released on parole,"[citation], and "the facts relied upon by the Board or the Governor [must] support the ultimate decision that the inmate remains a threat to public safety.

*Cooke*, 606 F.3d at 1214 (quoting *In re Lawrence*, 44 Cal. 4th 1181, 1210, 1213 (2008)); *see also* Cal. Code Regs., tit. 15, § 2402(a) ("[I]f in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison," the prisoner must be found unsuitable and denied parole). The California Supreme Court held in *Lawrence* that, "[t]he relevant determination for the Board and the Governor is, and always has been, an individualized assessment of the continuing danger and risk to public safety posed by the inmate." *In re Lawrence*, 44 Cal. 4th. at 1227 (noting that "mere recitation of the circumstances of the commitment offense, absent articulation of a rational nexus between those facts and current dangerousness, fails to provide the required "modicum of evidence" of unsuitability"). In setting forth the standard for federal habeas courts, the Ninth Circuit reiterated this principle, stating that "a reviewing court must consider 'whether the identified facts are *probative* to the central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" *Cooke*, 606 F.3d at 1214 (emphasis in original) (quoting *In re Lawrence*, 44 Cal. 4th at 1221).

\\\

\\\

The Orange County Superior Court's decision focused exclusively on whether there was evidence in the record to support the factors relied upon by the Board. The Superior Court's decision does not even mention Petitioner's current dangerousness, much less examine whether there is evidence to support a finding that Petitioner is currently dangerous. Consequently, the Court finds the State court's decision to be an objectively unreasonable application of the California some evidence standard as the California Supreme Court rejected this very test concluding "that current dangerousness (rather than the mere presence of a statutory unsuitability factor) is the focus of the parole decision." *In re Lawrence*, 44 Cal.4th at 1210.

### B.   Parole Board's Decision

The finding that the State court's decision was objectively unreasonable does not end a federal habeas court's inquiry. *See Butler v. Curry*, 528 F.3d 624, 641 (9th Cir. 2008) (citing 28 U.S.C. § 2241(c)(3) in noting that a federal habeas court's finding that state court's decision is contrary to established federal law does not end that court's inquiry). A federal habeas court's "power to grant the writ of habeas corpus to a state inmate depends on his actually being 'in custody in violation of the Constitution or laws ... of the United States.'" *Id*. Thus, Petitioner is only entitled to habeas corpus relief if his due process rights were violated by a lack of evidence supporting the Board's denial of parole.

In its decision denying Petitioner parole, the Board relied only on two factors. The Board found "[f]irst and foremost" that Petitioner's prison disciplinary record evidenced that he posed a current risk of danger to society. (Tr. Parole Hearing at 90.) The Board also relied on the commitment offense in finding that Petitioner was unsuitable for parole. (Id. at 90-93.)

The Court find that Petitioner's disciplinary record while incarcerated provides the modicum of evidence required under the California some evidence standard. *See In re Lawrence*, 44 Cal. 4th at 1226. The Court initially notes that the Board's reliance on Petitioner's commitment offense is erroneous as the record does not contain any factors, such as a lack of insight, that would make the circumstances of the commitment offense currently probative towards Petitioner's dangerousness. *Cf. In re Shaputis*, 44 Cal. 4th 1241, 1261 (2008) (holding that a habeas petitioner's lack of insight and failure to take responsibility made the circumstance so the commitment offense probative of

current dangerousness). The commitment offense occurred on February 8, 1985. Petitioner appeared before the Board on January 24, 2008. Considering the almost twenty three years that had passed between the commission of the crime and the parole hearing, the Court does not find that the commitment offense constitutes evidence of Petitioner's current dangerousness.

Rather, the Court finds that a modicum of evidence regarding Petitioner's current dangerousness can be found in Petitioner's institutional behavior. Institutional behavior, defined as "[t]he prisoner has engaged in serious misconduct in prison or jail," is a circumstance tending to show parole unsuitability. Cal. Code Regs. tit. 15, § 2402(c)(6). In the decision denying Petitioner parole, the Board expressly relied on Petitioner's disciplinary record as Petitioner received a total of six CDC 115's. (Tr. Parole Hearing at 90, 94.) A CDC 115 documents misconduct believed to be a violation of law or otherwise not minor in nature. *See* Cal.Code Regs., tit. 15, § 3312(a)(3); *In re Gray*, 151 Cal.App.4th 379, 389 (2007). Here, the fact that Petitioner's six serious disciplinary infractions all occurred within the last ten years and two of which occurred during the interval between Petitioner's most recent parole hearing and the current hearing is probative of *current* dangerousness. (*See* Tr. Parole Hearing at 74-78.) While Petitioner's most recent disciplinary infractions were for possession of contraband and are therefore non-violent,[5] Petitioner's inability to abide by prison rules evidence that he may not be able to abide by society's law if released into the community. The Court finds this situation to be distinct from the disciplinary infractions the Ninth Circuit found not probative toward current dangerousness in *Cooke*. There, the Ninth Circuit held that two minor non-violent disciplinary infractions which occurred nearly a decade prior to the parole hearing could not reasonably be viewed as evidence that the habeas petitioner posed a current risk of danger to public safety. *Cooke*, 606 F.3d at 1215. However, unlike in *Cooke*, where the inmate was discipline free for the decade subsequent to the disciplinary infractions, all of Petitioner's disciplinary infractions have occurred in the decade prior to the hearing. More importantly, while these disciplinary infractions are non-violent, they are serious disciplinary infractions. The California legislature mandates consideration of serious disciplinary infractions in the determination

---

[5] The Board did not delve into what the circumstances regarding the other four disciplinary infractions were.

of whether an inmate is suitable for parole, and consequently whether an inmate is currently dangerousness. *See* Cal. Code Regs. tit. 15, § 2402(c)(6). In light of the California's regulations, the Court finds that Petitioner's inability to remain discipline free in the decade leading up the parole hearing constitutes a modicum of evidence showing Petitioner is currently dangerous. Consequently, Petitioner's constitutional rights were not violated as the record contains "more than the crime or its circumstances alone to justify the Board's or the Governor's finding of current dangerousness." *Cooke*, 606 F.3d at 1214.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) *court* days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 15, 2010**          /s/ John M. Dixon
                                  UNITED STATES MAGISTRATE JUDGE